# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID MARTIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>D. SHINN, Warden,<br><br>　　　　Respondent. | Case No. CV 16-06361 ODW (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## BACKGROUND

On August 24, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner is incarcerated at the United States Penitentiary in Victorville, California, serving a federal sentence for his convictions of robbery affecting interstate commerce, which he sustained in the United States District Court for the District of New Mexico. *See United States v. Martin*, Case No. 1:96:cr-0072-JEC-1 (D. N.M.).[1] Petitioner is challenging a "career offender enhancement."

---

[1] The Court takes judicial notice of the docket from petitioner's criminal case. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

Petitioner had previously challenged the legality of his sentence via a motion under 28 U.S.C. § 2255 in the sentencing court. It was denied in March 2001. Fourteen years later, the United States Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the imposition of an increased sentence based on a prior violent felony conviction, under the residual clause of the Armed Career Criminal Act, violates due process. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. The instant Petition seeks habeas relief under *Johnson*.

Shortly before the instant Petition was filed, the sentencing court reappointed the Federal Public Defender to represent petitioner in that court, pursuant to Administrative Order 16-mc-04-19. According to Order 16-mc-04-19, the Federal Public Defender for the District of New Mexico was reappointed for certain defendants in order "to determine whether or not an individual may qualify to seek resentencing, and to present any motions or applications for resentencing" in accordance with the Supreme Court's decision in *Johnson*. As part of the reappointment in the District of New Mexico, the Federal Public Defender will "investigate and pursue claims for their clients." Petitioner's investigation and claim in the sentencing court remain pending.

As discussed below, the instant Petition must be summarily dismissed for lack of subject matter jurisdiction because a motion to contest the legality of a sentence generally must be filed in the sentencing court pursuant to § 2255, and the narrow exception to the general rule does not apply here. Moreover, it is unnecessary to transfer this action because petitioner has a pending action in the sentencing court based on the same claim and facts.

///

///

///

## DISCUSSION

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (*quoting* 28 U.S.C. § 2255). "We refer to this section of § 2255 as the 'savings clause,' or the 'escape hatch.'" *Id.* (citation omitted).

A § 2241 petition may be brought under § 2255's "savings clause" when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *See Harrison*, 519 F.3d at 959; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Further, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998) -- i.e., the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Stephens*, 464 F.3d at 898 (*citing Bousley*, 523 U.S. at 623); *see also Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

Neither requirement for application of the savings clause has been satisfied in this case. Petitioner has not made a claim of actual innocence, but is challenging his "career offender enhancement." The Ninth Circuit has held that a challenge to a noncapital sentence enhancement does not raise a cognizable claim of actual innocence for purposes of the savings clause. *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). In *Marrero*, the Ninth Circuit reasoned that the actual innocence exception did not apply because the petitioner, who was challenging his classification as a career offender under the Sentencing Guidelines, was raising

"purely a legal claim that has nothing to do with factual innocence." Here, petitioner also is raising purely a legal claim that has nothing to do with factual innocence, but rather is based on his classification as a career offender under the Sentencing Guidelines.

Nor has petitioner satisfied the requirement of not having had an unobstructed procedural shot at presenting his claim. In light of the fact that the sentencing court has reappointed the Federal Public Defender to represent petitioner in the prior District of New Mexico action in order to investigate and possibly pursue a sentencing claim under *Johnson*, petitioner cannot argue that he will never get an opportunity to present his claim. *Cf. Stephens*, 464 F.3d at 898 (petitioner did not have an unobstructed procedural shot where claim based on recent legal authority did not satisfy criteria for a successive § 2255 motion, thereby foreclosing his ability to ever raise the claim).

The only remaining question is whether this action should be transferred to any other court in which the action could have been brought. *See* 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.* Here, the interest of justice would not be served by transferring this action to any other court because the Federal Public Defender has been appointed in the action in the sentencing court to investigate a claim for petitioner based on *Johnson*. *See Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986) (district court did not err in failing to transfer action under § 1631 to district court where petitioner already had a pending action arising from the same incidents); *see also Puri v. Gonzalez*, 464 F.3d 1038, 1043 (9th Cir. 2006) (same

where petitioner already had a "pending petition for review" in the transferee court, which "was reason enough not to grant a transfer of this action").

**ORDER**

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction.

DATED: August 31, 2016

*[signature]*

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

*[signature]*

Alexander F. MacKinnon
United States Magistrate Judge